IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN EDWARDS              §
(TDCJ No. 1260584),          §
                             §
          Petitioner,        §
                             §
V.                           §          No. 3:20-cv-626-C-BN
                             §
LORIE DAVIS, Director        §
Texas Department of Criminal Justice §
Correctional Institutions Division, §
                             §
          Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Stephen Edwards, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 5. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. Because Edwards's habeas application is an unauthorized successive petition, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

Edwards again challenges his 2004 conviction for

possession of a controlled substance with intent to deliver out of the 195th Judicial District Court of Dallas County, Texas, for which he received a sentence of thirty (30) years imprisonment. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Fifth District of Texas. The conviction was affirmed in an unpublished opinion dated October 28, 2005. *Edwards v. State*, No. 05-04-01382-CR Petitioner did not file a petition for discretionary review.

> On May 31, 2006, petitioner filed a state application for a writ of
> habeas corpus challenging his September 10, 2004 conviction. On
> September 20, 2006, his state habeas application was denied without
> written order based on the trial court findings. *See Ex parte Edwards*,
> App. No. 65,317-01.

*Edwards v. Quarterman*, No. 2:07-cv-187, 2008 WL 4062005, at *1 (N.D. Tex. Aug.

29, 2008).

This Court dismissed his first Section 2254 habeas application as time-barred.

*See generally id.*

In 2019, Edwards filed a second state habeas application, raising a single issue

– that his conviction violated his right to be free from double jeopardy. *See Ex parte*

*Edwards*, No. W04-00482-N(B) (195th Jud. Dist. Ct., Dallas Cnty., Tex.). And the

Texas Court of Criminal Appeals dismissed his application as a subsequent writ

under Texas Code of Criminal Procedure article 11.07, § 4. *See Ex parte Edwards*,

WR-65,317-02 (Tex. Crim. App. Nov. 13, 2019).

## Legal Standards and Analysis

28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-
> keeper by preventing the repeated filing of habeas petitions that attack
> the prisoner's underlying conviction. The statute does not define "second
> or successive," however, and we have made clear that a petition is not
> "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked
> in a prior petition tend to be labeled successive and must meet the
> standards for authorization under § 2244. In contrast, later habeas
> petitions attacking distinct judgments, administration of an inmate's
> sentence, a defective habeas proceeding itself, or some other species of
> legal error – when the error arises after the underlying conviction – tend
> to be deemed non-successive. In essence, if the purported defect existed,
> or the claim was ripe, at the time of the prior petition, the later petition
> is likely to be held successive even if the legal basis for the attack was

not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Edwards's current claim is an attack on his underlying conviction – and, more to the point, his claim alleges a defect in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id.* at 222; *cf. Ex parte Edwards*, No. W04-00482-N(B) (State's response, arguing that the petition should be dismissed under article 11.07, § 4 "because his ground for relief was available when [Edwards] filed his earlier application[]").

Edwards is therefore currently attempting to present claims that are successive. *See Leal Garcia*, 573 F.3d at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").[1]

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner

Edwards's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

And, because this appears to be Edwards's first successive habeas application, the Court should cure the want of jurisdiction by transferring the application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

---

claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

       DATED: April 16, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE